WARREN, APPELLEE, *v.* CITY OF CINCINNATI ET AL., APPELLANTS.*

(No. 8673—Decided October 19, 1959.)

Mr. *John A. Wiethe* and Mr. *Peter W. Swenty*, for appellee.
Mr. *James W. Farrell, Jr.,* city solicitor, and Mr. *Wallace M. Power*, for appellants.

O'CONNELL, J. Plaintiff, appellee herein, was dismissed from the Cincinnati Police Department by the City Manager of Cincinnati. This order of dismissal was sustained by the Cincinnati Civil Service Commission, and the plaintiff then appealed from that decision to the Court of Common Pleas of Hamilton County. The Court of Common Pleas modified the order of the

---

*Motion to certify the record overruled, April 27, 1960.

Civil Service Commission of Cincinnati by changing the order of dismissal to a suspension of thirty days.

The case is now before this court on appeal by defendants, appellants herein, from the order of the Court of Common Pleas. A motion to dismiss the appeal has been filed by the plaintiff on the ground that none of the defendants has a right to appeal from the decision of the Court of Common Pleas.

First let us say with the plaintiff that "the right to appeal [in Ohio] exists only by statute or constitutional provision and that there is no vested right to appeal." We can be safe in assuming that such is the rule generally; at common law, the right to appeal was unknown. (*Village of Amherst* v. *Wragg*, 72 Ohio App., 303. See, also, 2 American Jurisprudence, 846, Section 5, and 4 Corpus Juris Secundum, 150, Section 39.)

However, it has long been the law of Ohio that there is always an appeal on questions of law from the Court of Common Pleas to the Court of Appeals. Judge Donahue in *Cincinnati Polyclinic* v. *Balch*, 92 Ohio St., 415, stated the rule clearly, wherein he referred to Section 6, Article IV of the Constitution, as amended (1912), which confers upon the Courts of Appeals jurisdiction "to review, affirm, modify or reverse judgments of the Courts of Common Pleas * * *."

Since then, in the case before this court there is an appeal from the ruling of the Common Pleas Court to the Court of Appeals on a matter of law, we must hold that there is no limitation under the circumstances on the jurisdiction of the Court of Appeals to review, affirm, modify, or reverse the judgment of the Court of Common Pleas, and that therefore the motion to dismiss filed in this case against the Safety Director of the city of Cincinnati, the City Manager of the city of Cincinnati, and the city of Cincinnati is hereby overruled.

This appeal has been taken by virtue of Section 143.27, Revised Code (126 Ohio Laws, 90), which provides that any member of the police or fire department of a city may appeal from the decision of the city civil service commission to the Court of Common Pleas of the county in which such city may be situated.

Now, before a litigant may pursue an appeal to the Court of Appeals, he must be an interested party, a party who has been aggrieved. The cases make this situation clear.

In *A. DiCillo & Sons, Inc.*, v. *Chester Zoning Board of Appeals*, 158 Ohio St., 302, the syllabus reads as follows:

"Neither a township board of zoning appeals nor any of its members as such have a right to appeal from the judgment of a court, rendered on appeal from a decision of such board and reversing and vacating that decision."

That case involved the granting of a building permit by the zoning inspector, an appeal from such decision to the Township Board of Zoning Appeals, and a reversal of the decision by the Board of Zoning Appeals, an affirmation of the decision of the Board of Zoning Appeals by the Common Pleas Court, and, finally, an appeal to the Court of Appeals from the decision of the Common Pleas Court and a reversal of the Common Pleas Court by the Court of Appeals. At that point the Township Board of Zoning Appeals and its members endeavored to appeal to the Supreme Court from the decision of the Court of Appeals. The Supreme Court held that "in an appeal to the board of zoning appeals, the board does not become a party to that appeal. Its powers * * * are 'to hear and decide appeals' and 'to authorize, upon appeal, in specific cases * * * variance from the terms of the zoning resolution * * *.' The legislative provisions for such a board are entirely inconsistent with any idea that the board or its members as such should be considered as persons 'aggrieved' or 'affected by any decision of the administrative officer' from which an appeal is taken, as parties interested in what decision should be rendered by them on the appeal, or as parties who might be 'adversely affected' by any decision they might render. * * * That legislation apparently contemplates that the board should be as disinterested in deciding matters brought before it as a court should be."

Though admitting that the board represents the public's interests so far as the proper hearing and decision of such appeals are concerned, the court goes on to say that "it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on appeal to a court."

Again, in *Ohio Contract Carriers Assn., Inc.*, v. *Public Utilities Commission of Ohio*, 140 Ohio St., 160, the syllabus is as follows:

"Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."

Therefore, the test of the right to appeal lies in whether or not one is an "aggrieved" party—a party who has suffered some loss. A board or commission is not such "aggrieved" party.

And so likewise in *Minnis* v. *Hamilton County Board of Zoning Appeals*, 89 Ohio App., 289, we find the following:

"In an annotation to *Board of Zoning Appeals* v. *McKinney* (174 Md., 551, 199 A., 540), in 117 A. L. R., 207, under the heading, 'Right of public officer or board to appeal from a judicial decision affecting his or its order or decision,' at page 218, it is stated:

" 'It has been held that a zoning board has no right to appeal from a judgment reversing its order granting a permit. In *Miles* v. *McKinney* (Md.) (reported herewith) *ante*, 207, where the order of a board of zoning appeals granting a permit had been reversed by the court, an appeal from the decision of the court taken by such board was dismissed, since it was not a party to the proceeding, had no interest in it different from that which any judicial or quasi-judicial agency would have had, that is, to decide the cases coming before it fairly and impartially, was in no sense aggrieved by the decision of the board, and had no statutory right of appeal, and, therefore, had no power to take the appeal.

" 'And in *Lansdowne Bd. of Adjustment's Appeal* (1934), 313 Pa., 523, 170 A., 867, an appeal by a board of adjustment from a court order reversing its order denying a special exception of property from zoning restrictions was quashed, the court saying that it was clear that the board of adjustment, as a board, had not been, and could not be, injuriously affected by the order, and hence that it had no standing to appeal.' "

In both those cases the party's right to appeal depended upon whether the order involved was injurious to the party.

It is clear therefore from those cases that the Civil Service Commission of Cincinnati is a quasi-judicial body whose duties, though partly administrative, are, in such cases as this one, essentially quasi-judicial.

Since the civil service commission is thus acting as a court, it must be impartial; it should therefore have no interest in the outcome of the case other than to see that justice is done. It is obviously therefore not a proper party to this suit; it is not an "aggrieved" or "interested" party, and, hence, the motion to dismiss is granted so far as the Civil Service Commission of Cincinnati is concerned.

*Judgment accordingly.*

MATTHEWS, P. J., and LONG, J., concur.