[Cite as *Willis v. Farmers Ins. of Columbus, Inc.*, 2019-Ohio-516.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARK WILLIS, et al.

    Appellees

    v.

FARMERS INSURANCE OF
COLUMBUS, INC., et al.

    Appellant

C.A. No.    28945

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-12-5465

DECISION AND JOURNAL ENTRY

Dated: February 13, 2019

CALLAHAN, Judge.

{¶1}    Appellant, Farmers Insurance of Columbus, Inc. ("Farmers"), appeals from the judgment of the Summit County Common Pleas Court in favor of Appellees, Mark and Laurie Willis, and against Defendant, Deidre Templeton. For the reasons set forth below, this Court dismisses the appeal.

I.

{¶2}    Mr. Willis and Ms. Templeton were involved in an automobile accident. Mrs. Willis was the owner of the automobile driven by Mr. Willis. Ms. Templeton was an uninsured driver. At the time of the accident, Farmers provided automobile insurance, including uninsured motorist coverage, to the Willises.

{¶3}    The Willises filed a complaint asserting claims for negligence and loss of consortium against Ms. Templeton and a declaratory judgment claim against Farmers. Farmers answered the complaint and filed a contribution/subrogation cross-claim against Ms. Templeton.

Ms. Templeton did not answer either the complaint or the cross-claim. The Willises moved for default judgment against Ms. Templeton as to their negligence and loss of consortium claims, which the trial court granted. The issue of damages was scheduled for a hearing before the magistrate.

{¶4} Upon the evidence presented by Mr. Willis, the magistrate found in favor of the Willises and against Ms. Templeton and awarded itemized damages totaling $25,000. The magistrate's decision specifically indicated that this judgment was "entered as to [Ms.] Templeton only, and [was] not binding upon * * * Farmers * * * [and t]his case shall continue as to the remaining claims between [the Willises] and * * * Farmers." (Emphasis deleted.) Farmers filed objections to the magistrate's decision which were fully briefed by Farmers and the Willises. After unsuccessful mediation attempts, the trial court scheduled the remaining claims for trial. Thereafter, the trial court overruled Farmers' objections, adopted the magistrate's decision, and entered "judgment in favor of the [Willises] and against [Ms.] Templeton only in the amount of $25,000." The trial court included the Civ.R. 54(B) certification that "[t]here is no just reason for delay."

{¶5} Farmers timely appeals from this judgment entry, asserting one assignment of error.

II.

**ASSIGNMENT OF ERROR**

WHETHER THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION OF JULY 19, 2017 AWARDING [THE] WILLIS[ES] $1,512.00 FOR MEDICAL BILLS; $4,239.30 FOR LOST EARNINGS; AND $12,365.98 FOR PERSONAL INJURY/NON-ECONOMIC DAMAGES.

{¶6} Farmers argues that the trial court erred in adopting the magistrate's decision regarding the damages award in favor of the Willises and against Ms. Templeton in the negligence and loss of consortium claims. Initially, this Court must address whether Farmers has demonstrated that it is an aggrieved party under the judgment from which it is appealing and thus has standing to bring this appeal.

{¶7} An appellant whose rights or interests have been adversely affected by a lower court's final order is an aggrieved party and has standing to file an appeal. *In re Estate of Shepherd*, 9th Dist. Summit No. 19239, 1999 WL 312378, *1 (May 5, 1999). *See Stoll Farms, Inc. v. Stoll*, 9th Dist. Wayne No. 2791, 1993 WL 499702, *2 (Nov. 24, 1993). An appeal requires the appellant to be an aggrieved party because the purpose of an appeal is to correct errors that cause injury to an appellant and not to answer abstract questions. *Ohio Contract Carriers Assn., Inc. v. Pub. Utils. Comm. of Ohio*, 140 Ohio St. 160 (1942), syllabus.

{¶8} In order to be an aggrieved party, the "party must be able to show that he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court." *In re Guardianship of Love*, 19 Ohio St.2d 111, 113 (1969). The aggrieved party's interest must be "present, immediate, and pecuniary," and not "a contingent, speculative, or remote consequence of the trial court's judgment." *Stoll Farms, Inc.* at *2, citing *Ohio Domestic Violence Network v. Pub. Util. Comm. of Ohio*, 65 Ohio St.3d 438, 439 (1992) and *Ohio Contract Carriers Assn., Inc.* at 161. *See Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 178 (2001) (standing cannot be based upon interests which are future, contingent, or speculative).

{¶9} The sole issue addressed by the trial court was the amount of the damages incurred by the Willises as a result of Ms. Templeton's negligence. The trial court's order

specified that the judgment was "in favor of the [Willises] and against [Ms.] Templeton *only* in the amount of $25,000." (Emphasis added.)  Ms. Templeton did not file an appeal of that judgment.  Instead, Farmers filed an appeal despite the fact that there was no judgment rendered against it in this order.

{¶10}  Farmers contends that the judgment against Ms. Templeton interferes with its subrogation rights pursuant to the insurance policy and R.C. 3937.18. Contrary to Farmers' argument, the trial court's judgment did not determine or even address Farmers' subrogation rights. In fact, the issue of Farmers' subrogation rights remains pending for disposition before the trial court by way of the second cause of action in the Willises' complaint and Farmers' cross-claim.  Count two of the complaint is a declaratory judgment action in which the Willises alleged that "[u]pon information and belief, [] Farmers' policies provide for subrogation and right of reimbursement, and [] Farmers may assert those rights in this matter[,]" "Farmers has not paid anything under the uninsured motorists coverage in this matter and that amount needs to be determined[,]" and "[t]he parties to this contract of insurance are in need [of] a declaration of each party's rights and obligations with respect to the applicable coverages." Additionally, Farmers' cross-claim "demands a judgment of contribution and/or subrogation against [Ms.] Templeton[] for any amount that it is required to pay [the Willises] pursuant to the terms and conditions of the policy referenced in the Complaint."  The trial court has yet to determine the pending claims directly related to the issue of Farmers' subrogation rights[1] and this Court will not decide such issues in the first instance. *See, e.g., Allen v. Bennett*, 9th Dist. Summit Nos.

---

[1] Additionally, this Court is unable to reach this issue because the insurance policy is not a part of the record and the quoted portions of the policy in Farmers' objections to the magistrate's decision and its appellate brief are not evidence of the insurance policy.

23570, 23573, 23576, 2007-Ohio-5411, ¶ 21 ("Because this Court acts as a reviewing court, it should not consider for the first time on appeal issues that the trial court did not decide.").

{¶11} In light of the absence of a declaration as to the parties' rights, including subrogation rights, and the amounts due under the insurance policy, and the entry of a contribution/subrogation judgment against Ms. Templeton, Farmers is unable to show that its subrogation rights have been adversely affected by the trial court's order awarding damages to the Willises against Ms. Templeton. Based upon the procedural posture and facts of this particular case, Farmers' claimed interest is not immediate and pecuniary, but instead a future or contingent interest. Accordingly, Farmers is not an aggrieved party and lacks standing to pursue an appeal of the trial court's order.

III.

{¶12} Farmers Insurance of Columbus, Inc.'s appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶13} Although I agree that the appeal should be dismissed, I would dismiss it on the basis that the judgment was improperly certified for immediate appeal under Civ.R. 54(B). When a trial court certifies an order for appeal, it "makes what is essentially a factual determination – whether an interlocutory appeal is consistent with the interest of sound judicial administration." *Wisintainer v. Elcen Power Strut Co.,* 67 Ohio St.3d 352 (1993), paragraph one of the syllabus. On several occasions, this Court has refused to recognize Civ.R. 54(B) certifications because the claims were too intertwined to be separately addressed. *See, e.g., Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 23879, 2008-Ohio-1379, ¶ 17 (dismissing the appeal where the claims were "so related and interconnected" that judicial economy demanded each be fully determined before an appeal could be heard); *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. Wayne No. 09CA0076, 2011-Ohio-1295, ¶ 19-21 (dismissing the appeal where the disposed of claims were "necessarily dependent" upon the resolution of the outstanding claims).

{¶14} Here, the claim at issue and the claims yet to be resolved are too interconnected to be considered in isolation from one another. As the majority suggests, whether Farmers' subrogation rights are affected by the order appealed will not be evident until the remaining claims are determined. At that point, however, the time to appeal the current order will have long expired. Because that result cannot be considered consistent with sound judicial administration, I would hold that the Civ.R. 54(B) certification is ineffective, and I would dismiss the appeal for lack of a final order.

APPEARANCES:

ROBERT L. AUSTRIA, Attorney at Law, for Appellant.

MATTHEW L. RIZZI, JR., Attorney at Law, for Appellees.