**[Cite as *In re Adoption of T.D.A.*, 2025-Ohio-4548.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | | NINTH JUDICIAL DISTRICT |
| | ) | | |

IN RE: ADOPTION OF T.D.A.

C.A. No.     31331

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2023 AD 072

DECISION AND JOURNAL ENTRY

Dated: September 30, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1}    Appellant Biological Mother ("Mother" or alternatively "Respondent") appeals the judgment of the Summit County Court of Common Pleas, Probate Division, that dismissed Appellee's ("Petitioner") petition to adopt T.D.A. but declared that Petitioner is the child's parent. This Court vacates the judgment and remands for the probate court's consideration of the issues raised in Petitioner's objection to the magistrate's decision that dismissed her petition.

I.

{¶2}    Mother is the biological mother of T.D.A., born July 31, 2019. The child was conceived using donor sperm while Mother and Petitioner were in a committed domestic relationship but not yet married. The parties married when the child was five months old. The family was living in Florida at the time.

{¶3}    A couple years later, the family relocated to Summit County, Ohio. Petitioner wanted to adopt T.D.A., so she and Mother began to pursue that. Mother executed a consent to

adoption form and Petitioner filed a petition to adopt the child. The petition identified the child as Petitioner's stepson.

{¶4} The probate court ordered a home study. The assessor approved the parties' home and recommended that Petitioner be allowed to adopt the child. The probate court set the matter for a hearing. Six days before the hearing, however, Mother moved to withdraw her consent and to cancel the hearing on the adoption petition.

{¶5} Mother moved to dismiss the petition pursuant to Civ.R. 12(B)(6). She argued that Petitioner was not a person who may adopt the child under R.C. 3107.03(D)(1) as then in effect because, although Petitioner and Mother were married and Petitioner was seeking to adopt as a stepparent, Mother no longer supported the adoption. After a hearing on Mother's motion to dismiss, the magistrate issued a decision concluding that the case could not proceed under then-current R.C. 3107.03(D)(1) absent Mother's support. The magistrate dismissed the petition.

{¶6} Petitioner filed objections. She requested that the probate court reinstate her stepparent petition to adopt the child. Petitioner argued that, while Mother need only support the adoption, she chose to execute a consent to adoption form to indicate her support. Mother then moved to withdraw her consent. Therefore, because Mother chose to subject herself to the R.C. Chapter 3107 standards applicable to the withdrawal of consent, Petitioner argued that Mother had to prove pursuant to R.C. 3107.084(B) that her withdrawal of consent was in the best interest of the child. Instead, the magistrate had concluded that because Mother only had to support the adoption and not consent to it, the statutory best interest consideration was not applicable. Petitioner went on to argue that the evidence adduced at the hearing supported a finding that adoption was in the child's best interest so that allowing Mother to withdraw her consent was not.

Significantly, Petitioner never argued that she was anything other than the child's stepparent, i.e., that she was T.D.A.'s legal or natural parent.

{¶7} The probate court neither expressly sustained nor overruled Petitioner's objections. Instead, the trial court agreed with the magistrate that the court must dismiss the petition, albeit on alternative grounds. After reviewing case law discussing the various ways parenthood might be established, e.g., via declaration of parentage; insemination; in vitro fertilization; and surrogacy, the probate court declared that Petitioner was the child's "natural parent who has not previously terminated her parental rights." Based on that holding, the probate court dismissed Petitioner's "step parent" petition to adopt.

{¶8} Mother timely appealed, raising two assignments of error for review. Because our resolution of the first assignment of error is dispositive, this Court declines to address the second assignment of error.

{¶9} As a preliminary matter, we note that Petitioner has moved to dismiss the appeal, arguing that Mother lacks standing to appeal because she prevailed below, having obtained the precise relief she requested, specifically dismissal of the petition. This Court deferred the motion for determination during our disposition of the appeal. Magistrate's Order, *In re Adoption of T.D.A.*, C.A. No. 31331 (9th Dist. June 6, 2025). Because the probate court did not merely dismiss the petition but also declared Petitioner's status as a natural parent of the child, Mother is an aggrieved party with standing to appeal.

> An appeal lies only on behalf of the party who is aggrieved by the judgment. The sole purpose of an appeal is to provide the appellant an opportunity to seek relief in the form of a correction of errors of the lower court that injuriously affected [her]. The test of the right to appeal lies in whether or not one is an aggrieved party – a party who has suffered some loss.

(Internal citations and quotations omitted) *In re A.L.W.*, 2016-Ohio-911, ¶ 24 (9th Dist.). Because it is our duty to decide actual controversies on appeal, i.e., rendering opinions that grant or deny effective relief to the appellant, this Court may not make any determinations or address any issues that will not impact or affect the matter before us. *In re R.S.*, 2017-Ohio-2835, ¶ 22. On the other hand, "[a]n appellant whose rights or interests have been adversely affected by a lower court's final order is an aggrieved party and has standing to file an appeal." *Willis v. Farmers Ins. of Columbus, Inc.*, 2019-Ohio-516, ¶ 7 (9th Dist.), citing *In re Estate of Shepherd*, 1999 WL 312378, *1 (9th Dist. May 5, 1999).

{¶10} In this case, Petitioner sought to adopt T.D.A. in order to acquire all parental rights and responsibilities accorded to a natural parent. Mother opposed Petitioner's adoption of the child precisely because it would have placed Petitioner in the same position as Mother as T.D.A.'s legal parent. Although the probate court dismissed the petition for adoption, it affirmatively declared Petitioner to be the child's natural parent, effectively granting Petitioner the precise relief she sought contrary to Mother's wishes. Under these circumstances, Mother is aggrieved by the trial court's judgment. Appellee-Petitioner's motion to dismiss the appeal is denied.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT [PETITIONER] WAS THE PARENT OF THE MINOR CHILD ALTHOUGH THAT ISSUE WAS NOT PRESENTED EITHER BEFORE THE MAGISTRATE OR ON OBJECTION.

{¶11} Mother argues that the probate court erred, notwithstanding its dismissal of the petition, by declaring that Petitioner is T.D.A.'s natural parent because that issue was not before the court for consideration or determination. This Court agrees.

{¶12} The Supreme Court of Ohio recently reiterated:

[O]ur judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties. *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15, citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Under the principle of party presentation, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. *Greenlaw* at 243.

(Internal quotations omitted) *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4.

{¶13} In this case, neither party raised the issue of Petitioner's status as a natural parent of the child before the probate court. In fact, both Petitioner and Mother agreed that Petitioner was pursuing a stepparent adoption action. By analyzing whether Petitioner was a natural parent instead of a stepparent of the child, the probate court addressed an issue that no party had raised or had the opportunity to brief. In entering judgment, the probate court expanded the relief sought in the petition to include a declaration of parentage when Petitioner had not filed a declaratory judgment action. By doing so, the probate court violated the party presentation principle when it granted relief to Petitioner that Petitioner had not sought and no party had raised for the trial court's consideration.[1] Accordingly, this Court vacates the probate court's judgment and remands the matter to the trial court to consider the specific issues raised by Petitioner in her objections to the magistrate's decision that dismissed her petition.

### ASSIGNMENT OF ERROR II

THE SUMMIT COUNTY PROBATE COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO DETERMINE THE PARENT CHILD RELATIONSHIP BETWEEN [PETITIONER] AND THE MINOR CHILD.

{¶14} Based on this Court's resolution of Mother's first assignment of error, the second is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

---

[1] This Court makes no determination whether the probate court has the jurisdiction or other authority to enter a declaration of parentage, as that matter is not before us. We further decline to address the substantive or legal effect of a trial court's declaration in a case where it dismisses the underlying petition.

III.

{¶15} Mother's first assignment of error is sustained. We decline to address the second assignment of error. The judgment of the Summit County Court of Common Pleas, Probate Division, is vacated and the cause remanded for further proceedings consistent with this opinion.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
CONCURS.

SUTTON, J.
DISSENTING.

{¶16} I respectfully dissent from the judgment of the majority. I would affirm the trial court's dismissal of Petitioner's petition to adopt T.D.A., as a stepparent, based upon the facts in this record.

{¶17} The trial court's reasoning, in dismissing Petitioner's petition to adopt T.D.A. as a stepparent, is sound. A legal parent of a minor child cannot adopt that same minor child as a stepparent, pursuant to former R.C. 3107.03(D)(1), unless they have previously abandoned their parental rights.

{¶18} Here, Petitioner's name is listed on the minor child's birth certificate as Father/Parent, the minor child possesses Petitioner's surname, and Petitioner filed a complaint for divorce, with children, while this action was pending. On Petitioner's original petition to adopt the minor child, she listed the minor child as her "Son[.]" The trial court could not simply ignore these facts when ruling upon Mother's motion to dismiss Petitioner's petition to adopt the minor child as a stepparent.

{¶19} Thus, I would affirm the trial court's dismissal.

APPEARANCES:

GARY J. GOTTFRIED, Attorney at Law, for Appellant.

SARAH J. GABINET, Attorney at Law, for Appellee.

LYDIA C. GROSS, Attorney at Law, for Appellee.